IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 52778

| In the Interest of: Jane Doe (I), A Child Under Eighteen (18) Years of Age. | ) |  |
|---|---|---|
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | Filed: June 20, 2025 |
| Petitioner-Respondent, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| JANE DOE (2025-11), | ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Eric D. Fredericksen, State Public Defender; Joshua D. Mills, Deputy State Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Peter A. Mommer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Jane Doe (2025-11) (Mother) appeals from the magistrate court's judgment terminating her parental rights. Mother argues the magistrate court erred by finding that Mother neglected Jane Doe I (Child) and that termination of Mother's rights is in Child's best interests. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Child was placed in foster care in September 2023, after law enforcement encountered Mother, her significant other, Child, and Child's younger sibling in a parked car outside a gas

1

station in Boise at approximately 11:00 p.m. Law enforcement suspected Mother was under the influence of opiates based on her coming in and out of consciousness. Mother was arrested on an outstanding warrant for a prior probation violation. Child was placed into foster care. The magistrate court awarded legal custody of Child to the Idaho Department of Health and Welfare (Department) and Mother was ordered to complete a case plan. Subsequently, the Department filed a petition for termination of parental rights between Child and Mother, as well as Child's biological father (Father).[1] The petition alleged neglect by mother:

> The mother, [Mother], neglected the child: [Child]. [Child] is neglected as she is without proper parental care and control, or subsistence, education, medical or other care and control necessary for her well-being because of the conduct or omission of her parents, guardian, or other custodian or the parents' neglect or refusal to provide for [Child], as follows: [Mother]'s unmet substance use disorder(s) and ongoing mental health issues impair her ability to safely parent [Child]. [Mother's] criminal behavior also impairs her ability to provide a safe and stable home environment for [Child].

After a trial, the magistrate court found the State had proven Mother neglected Child by clear and convincing evidence. The magistrate court found that Mother had been battling addiction to alcohol, methamphetamine, and fentanyl for at least the past three years and had repeatedly failed to engage in substance abuse treatment which resulted in inconsistent housing, employment, and time management. Further, the magistrate court found Mother had ongoing involvement with the criminal justice system which was "most disruptive" to her ability to be a consistent parent. Based on these findings, the magistrate court determined Mother had neglected Child by failing to provide a safe and stable home environment. The magistrate court also found that, because of Mother's lack of sobriety, unemployment, and unknown housing circumstances, it is in Child's best interests that Mother's parental rights be terminated. The magistrate court entered judgment terminating Mother's parental rights to Child. Mother appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the

---

[1] Father's parental rights to Child were also terminated but are not the subject of this appeal.

Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Mother claims the magistrate court abused its discretion by terminating her parental rights. Mother argues the magistrate court erred by finding neglect had been proven based on its conclusion that Mother's involvement in the criminal justice system was highly likely to continue. Mother further argues the magistrate court erred in its best interests analysis because it did not consider evidence of the relationship between Mother and Child and applied an incorrect legal standard.

**A.      Neglect**

Mother argues the magistrate court "simply based the conclusion that [Mother] neglected the child on [Mother's] past [criminal justice] issues." Mother contends that the magistrate court neglected to consider that there was no evidence presented that she was unable to perform parenting functions or that she was presently in a violent domestic relationship. The Department argues the magistrate court properly considered Mother's criminal history in the context of Mother's struggle with addiction to alcohol and drugs, resulting in inconsistent housing, unemployment, and abusive domestic relationships.

Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical, or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.

The magistrate court's determination that Mother neglected Child is supported by substantial and competent evidence in the record. The magistrate court found that Mother's involvement with the criminal justice system was "[m]ost disruptive to her ability to be a consistent parent." Mother mischaracterizes the magistrate court's findings as the sole reason for finding neglect. The magistrate court's findings and analysis includes several other factors and evidence supporting a conclusion of neglect, including: (1) Mother had been battling her addiction to alcohol, methamphetamine, and fentanyl for at least the past three years; (2) Mother had not engaged in substance abuse treatment despite the requirement to do so by her misdemeanor probation and her court-ordered case plan; (3) Mother failed to maintain participation in her mental health services; (4) Mother never obtained stable housing or employment between September 2022 and June 2024, the period in which she was arrested and Child was taken into foster care; (5) Mother failed to show up or complete her case plan's court-ordered protective parenting classes; (6) Mother missed eight of her eighteen supervised visits with Child, and when she did arrive to the other visits, she was often late and "sometimes discussed topics that were not appropriate" with Child; and (7) Mother's refusal to comply with the terms of her probation resulted in significant periods of incarceration in 2024.

Mother's criminal history was appropriately considered by the magistrate court in assessing Mother's ability to carry out parental functions. However, the magistrate court placed greater

weight on Mother's failure to maintain sobriety, which the magistrate court found impacted "all spheres of her life, including housing, employment and time management." This culminated in the magistrate court's conclusion that Mother's "global instability" impairs her ability to provide a safe and stable home environment for Child. Substantial and competent evidence supports the magistrate court's finding, by clear and convincing evidence, that Mother neglected Child

**B.    Best Interests**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Mother argues that the magistrate court's best interests determination was based solely on its conclusion that Child would "benefit from adoption by a stable, sober home," and failure to consider evidence that Mother and Child had a positive relationship. Mother's attempt to limit the scope of the magistrate court's findings to a single factor is disingenuous. The magistrate court found Mother's lack of sobriety resulted in continued instability and unemployment, as well as a history of criminal charges and failure to comply with probation. The magistrate court further found that Mother's unwillingness to acknowledge her addictions sabotaged her ability to receive help and support to achieve sobriety. Taken together, Mother had not demonstrated an ability to provide a safe, stable home for Child.

After finding that Mother's lack of sobriety and instability warranted termination in Child's best interests, the magistrate court stated:

> It is certainly in [Child's] best interest to spend the remainder of her childhood in the care of adult caregivers who are sober, stable and consistently present. [Mother] has not shown that she can provide these fundamental conditions for [Child]. The court does not question that [Child] and [Mother] love each other; that court concludes that [Child's]

5

> attachment to her mother is ambivalent given how sporadic [Mother's] contact with [Child] has been over the past seventeen (17) months. The court is comfortable that the benefits that [Child] will enjoy from adoption by a stable, sober home far outweigh the emotional pain she will incur from severance of her legal relationship with [Mother].

Citing *In re Doe*, 157 Idaho 14, 333 P.3d 125 (2014), Mother contends that the best interests of a child is not a question of whether another individual, adoptive parent, would better discharge the duties of parenthood. As noted in *Doe*, the Idaho Supreme Court cautioned that the best interests analysis was not a contest of who had demonstrated to be the best parent as between the biological father and the stepfather. *Id.* at 17, 333 P.3d at 128. However, in this case, the magistrate court's reference was merely that it is in Child's best interests to be in a stable and sober living environment which Mother had not shown an ability to provide.

Mother also cites to *Dept. of Health and Welfare v. Doe (Doe III)*, 150 Idaho 752, 250 P.3d 803 (Ct. App 2011), apparently for the assertion that the choice in a termination proceeding is not simply between terminating the parent's rights or returning the child to the parent that day. There, this Court noted that, if termination had been denied, the children would remain in foster care, allowing the parent more time to demonstrate sobriety and secure appropriate housing, facilitating reunification. *Id.* at 764, 250 P.3d at 813. Mother argues that there was no evidence that Child was suffering in foster care and the magistrate court's comment that Child would "benefit from adoption by as stable, sober home"[2] suggests the magistrate court failed to consider the alternatives. First, the magistrate court simply contrasted "the benefits that [Child] will enjoy from adoption by a stable, sober home" in comparison to any emotional loss Child might experience from the termination of Doe's parental rights. The magistrate court did not say that Child would "benefit from adoption." Second, the magistrate court's statement is not a comparison of one caregiver versus another, but a comparison between Mother's unstable home and a stable and sober home as benefiting Child. Finally, nothing suggests that the magistrate court was making a binary choice between termination and immediate return of Child to Mother. Substantial and competent evidence supports the magistrate court's finding, by clear and convincing evidence, that termination is in the Child's best interests.

---

[2] Mother's misquote of the magistrate court incorrectly suggests that the magistrate court was considering adoption.

6

## IV.

## CONCLUSION

Mother has failed to show the magistrate court abused its discretion in granting the petition for termination of parental rights. The judgment of the magistrate court terminating the Mother's parental rights is affirmed.

Judge HUSKEY and Judge Pro Tem MELANSON **CONCUR**.